IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALID A. MUHAMMAD,** | : | No. 3:24cv60 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **YVETTE KANE,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Plaintiff Walid A. Muhammad initiated the above-captioned *pro se* action against the Honorable Yvette Kane[1] pursuant to <u>Bivens</u>.[2] (Doc. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP"), (Doc. 2), as well as his prisoner trust fund account statement. (Doc. 3). For the reasons set forth below, plaintiff's IFP motion will be denied and his complaint will be dismissed pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(B).

## Background

Plaintiff filed his complaint on January 12, 2024. (Doc. 1). He is incarcerated at SCI-Mahanoy in Frackville, Pennsylvania. Plaintiff refers to

---

[1] Because this matter was filed against a judge in the Middle District of Pennsylvania, the court proceeds pursuant to Standing Order 19-06, setting forth the procedure for assignment of cases filed against a judge.

[2] <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) (holding that a violation of an individual's constitutional rights by a federal agent acting under color of his authority gives rise to a cause of action for damages).

himself in the body of his allegations as "King Judicial Officer" and signed his pleading "Royal Status – Royal Reign – King Walid Abdullah Muhammad."

This matter involves a prior case heard by Judge Kane, <u>Muhammad v. Vandime</u>, 1:22-cv-1104.  Plaintiff alleges that "prior to thirty days of 12-1-2022 until 2-27-2023" he submitted "punctual photocopies" in that action and then Judge Kane deprived him of his constitutional rights.  (<u>Id.</u> at p. 4).  Plaintiff also alleges that he submitted photocopies to Judge Kane for the court "to grant provisions privileges or immunities beneficiary heir at law liable for deprivation of rights in October and November of 2023 as Title King Judicial Officer in judicial capacity[.]"[3]  (<u>Id.</u>) He alleges further that, "my federal statute, statutory statute Constitutional rights were deprived and violated state law when the defendant was being prejudice in collusion, conspiring, smear a imposition of cruel and unusual punishment in deprivation of my Federally Protected Rights [sic] . . ." (<u>Id.</u>).  Additionally, plaintiff alleges that Judge Kane violated his Sixth, Eighth, and Fourteenth Amendment rights "by committing negligence breach of duty, duty of care, unreasonable of care, acting under the color of law . . ." (<u>Id.</u> at p. 5).  Plaintiff seeks "nominal compensatory damages heir at law [sic] [,]" injunctive

---

[3] The court recognizes that *pro se* filings are liberally construed and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (citations omitted).  Plaintiff's complaint, however, reads as one long sentence comprised of disjointed legal phrases.

relief, declaratory relief, and monetary relief. (Id. at p. 6). He also requests the court "stop the defendant from conspiring in collusion for equitable relief." (Id.).

To understand plaintiff's pleading and because the underlying matter was referenced in the complaint, the court reviewed the docket in Muhammad v. Vandime. In that matter, Judge Kane dismissed plaintiff's amended complaint on February 27, 2023, (Docs. 46-47), and the Third Circuit Court of Appeals dismissed plaintiff's appeal (23-1468) on May 22, 2023. (Doc. 51). Thereafter, five submissions were received from plaintiff, (Docs. 54-58), and docketed of record in that case between September 28, 2023 and November 24, 2023. These submissions appear to partially consist of the documents attached to plaintiff's complaint in this matter. Additionally, those submissions advise the court that plaintiff is a "male Monarch who reigns over a major territory unit[,]" (Docs. 54, 55), and that his release date is March 10, 2024. (Doc. 55).

**Jurisdiction**

As plaintiff brings this suit pursuant to Bivens for alleged constitutional violations, the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

## Discussion

Because an incarcerated plaintiff filed this action *pro se* and he seeks leave to proceed IFP, the Prison Litigation Reform Act ("PLRA") is applicable here, specifically the provisions of Sections 1915(e)(2) and 1915A.

Under Section 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Additionally, in civil actions initiated with IFP motions, the court may properly dismiss an action *sua sponte* under the provisions Section 1915(e)(2)(B). See Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013), partially abrogated on other grounds by Coleman v. Tollefson, 575 U.S. 532 (2015).

Pursuant to both Sections 1915(e)(2) and 1915A, the court shall dismiss a case if it determines that the action: 1) is frivolous or malicious, 2) fails to state a claim on which relief may be granted, or 3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b)(1)-(2). Reading both statutes together, Section 1915A(a) directs the court to screen a prisoner complaint on these grounds either before docketing or as soon as practicable after docketing. Section 1915(e)(2) allows a court to dismiss a complaint on the above grounds at any time. Under Section 1915(e), a

4

court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously regardless of the status of a filing fee. Brown v. Sage, 941 F.3d 655, 660 (3d Cir. 2019)(en banc).

The PLRA additionally provides for a three-strikes rule, "which 'supplies a powerful incentive not to file frivolous lawsuits or appeals.' " Id. at 559 (citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001) (en banc)). As enacted:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A strike under Section 1915(g) will accrue "only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013). Additionally, "[t]he text of Section 1915(g)'s three-strikes

provision refers to any dismissal for failure to state a claim, whether with prejudice or without." Lomax v. Ortiz-Marquez, 590 U.S. ----, 140 S. Ct. 1721, 1723 (2020)

As discussed below, plaintiff has accrued more than three strikes and his IFP petition will be denied. Plaintiff's complaint also warrants dismissal under Sections 1915(e)(2) and 1915A(b).

**1. The Three-Strike Rule Applies to Plaintiff's Action**

Judge Kane denied plaintiff's previous requests for IFP status and ordered him to pay the full filing fee in at least five matters: 1) Muhammad v. Farrahkhan, 1:23-cv-337, (Doc. 16); 2) Muhammad v. Farrahkhan, 1:22-cv-1518, (Doc. 21), 3) Muhammad v. Vandime, 1:22-cv-1104, (Doc. 6); 4) Muhammad v. C.O. Houser, 1:21-cv-1544, (Docs. 12, 14); 5) Muhammad v. Sgt. Evans, 1:21-cv-373, (Doc. 6). On those occasions, Judge Kane concluded that plaintiff had amassed three strikes for the purposes of 28 U.S.C. § 1915(g).

Five prior actions filed by plaintiff were dismissed for failure to state a claim as follows:

- Muhammad v. Vandime, 1:22-cv-1104, amended complaint dismissed with prejudice for failure to state a claim under 28 U.S.C. § 1915A(b)(1). (Docs. 46-47);

6

- Muhammad v. Imam of the Salafi Sect in Pittsburgh, PA, 3:21-cv-590, amended complaint dismissed with prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). (Docs. 17-18).
- Muhammad v. Henesh, 1:19-cv-2191, amended complaint dismissed with prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). (Docs. 17-18).
- Muhammad v. Weikel, No. 1:19-cv-1373, complaint dismissed with prejudice as being barred by the doctrine of *res judicata* and for being frivolous and failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). (Docs. 15-16).
- Muhammad v. DeBalso, No. 1:19-cv-666, amended complaint dismissed with prejudice as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). (Docs. 23-24).

Upon the court's review of the above cases, plaintiff has accrued five strikes for the purposes of 28 U.S.C. § 1915(g). He cannot proceed IFP in this action unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." Abdul-Akbar, 239 F.3d at 312. Someone whose danger has passed cannot reasonably be described to be in imminent danger. Id. at 313. Furthermore, to invoke this

7

exception to the three-strikes rule, a prisoner must make specific and credible allegations as to the imminent danger. See Ball, 726 F.3d at 470 (citation omitted).

Here, plaintiff has not alleged that he is in imminent danger of serious physical injury. Rather, even under the most liberal construction of plaintiff's averments, any harm alleged occurred in the past, from December 1, 2022 to February 27, 2023, or in October and November 2023. (Doc. 1 at p. 4). Thus, plaintiff does not qualify for relief under the imminent danger exception to the three-strikes rule. His motion for leave to proceed IFP will be denied.

As discussed next, plaintiff's complaint checks all three boxes for dismissal under Sections 1915(e)(2)(B) and §1915A(b), that is, the complaint is frivolous, fails to state a claim, and seeks monetary relief against a defendant who is immune from such relief.

**2. Plaintiff's Complaint is Frivolous**

A case is "frivolous," and subject to dismissal under Section 1915(e)(2)(B) and 1915A(b) when it lacks an arguable basis either in law or fact. See Parker v. Univ. of Pennsylvania, 239 F. App'x 773, 775 (3d Cir. 2007)(citation omitted) (dismissing an appeal based on its frivolousness under Section 1915(e)(2)(B)). A claim may be dismissed as legally frivolous where it depends on an indisputably meritless legal theory. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir.

8

2003) (citations omitted). A court may dismiss a claim as factually frivolous if the facts alleged are "clearly baseless," which encompasses allegations that are "fanciful," "fantastic," and "delusional." Denton v. Hernandez, 504 U.S. 25, 33 (1992)(discussing Neitzke). Furthermore, a frivolousness determination is within the discretion of the court. Id.

Construing plaintiff's complaint liberally, he sued Judge Kane because she dismissed his amended complaint in Muhammad v. Vandime and did not consider photocopies of documents submitted after those claims were dismissed. Additionally, the use of the phrase "King Judicial Officer" in plaintiff's complaint suggests a theory of liability based, at least in part, on Judge Kane not acknowledging plaintiff's ostensible royal status.

The law provides judicial officers absolute immunity from suit for actions taken in performance of their judicial duties. Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). Moreover, judges will not be denied immunity even if their actions were done in error, maliciously, or in excess of the judge's authority. Rather, judges are subject to liability only when they have acted in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871)). "Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a

judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) (internal quotation marks and citation omitted).

Here, plaintiff's complaint concerns judicial acts taken by Judge Kane in the underlying matter. Thus, she is immune from suit unless she acted in the clear absence of jurisdiction. It cannot be seriously contended that Judge Kane acted in the clear absence of jurisdiction in the underlying matter. In that case, plaintiff filed suit pursuant to 42 U.S.C. § 1983 and Judge Kane had federal question jurisdiction under 28 U.S.C. § 1331. As such, plaintiff's complaint is plainly frivolous and will be dismissed under Sections 1915(e)(2)(B)(i) and 1915A(b)(1).

### 3. Plaintiff's Complaint Fails to State a Claim

In addition to being a frivolous action against an immune defendant, plaintiff's complaint also fails to state a claim upon which relief can be granted. In screening claims, district courts apply the same standard governing motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). See, e.g., Smithson v. Koons, No. 15cv1757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying the Rule 12(b)(6) standard for dismissal for failure to state a claim under § 1915(e)(2)(B)).

Plaintiff proceeds under Bivens against a federal defendant. Actions under Bivens have been created by the United States Supreme Court in three circumstances: 1) Fourth Amendment illegal searches and seizures; 2) Fifth Amendment sex-discrimination claims; and 3) for federal prisoners' inadequate-care claims under the Eighth Amendment. See Egbert v. Boule, 596 U.S. 482, 490-91 (2022)(citing Bivens, 403 U.S. at 397, Davis v. Passman, 442 U.S. 228 (1979), and Carlson v. Green, 446 U.S. 14 (1980)). The Court has not implied any additional causes of action in over forty years and has cautioned the courts that recognizing causes of action under Bivens are disfavored judicial activities. See Id. at 491 (citing Ziglar v. Abbasi, 582 U.S. 120 (2017); Hernández v. Mesa, 589 U. S. ——, 140 S.Ct. 735 (2020)).

Plaintiff proposes a new Bivens-based action against an Article III judge for alleged Sixth, Eighth, and Fourteenth Amendment violations. (Doc. 1). The inquiry into a proposed Bivens claim usually involves two steps, 1) meaningful difference from the three cases above and 2) consideration of "special factors" in a cost-benefit analysis, which answer the same question, "whether there is any reason to think that Congress might be better equipped to create a damages remedy." Id. at 492. Furthermore, where a court cannot predict t he systemwide consequences of recognizing a proposed cause of action under Bivens, that uncertainty alone forecloses relief. See Id. at 493 (citations omitted). Plaintiff's

proposed action deviates significantly from the recognized Bivens actions and would create a system where federal judges could be sued by inmates dissatisfied by the dismissal of their actions. Consequently, the complaint must be dismissed.

Furthermore, before dismissing a complaint for failure to state a claim upon which relief may be granted, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3d Cir. 2002). Under the circumstances here, there are no facts where plaintiff would be entitled to relief under the action proposed in his complaint and any amendment would clearly be futile. Thus, the complaint must be dismissed with prejudice and without leave to amend.

### 4. Plaintiff Seeks Monetary Damages from an Immune Defendant

As noted above, plaintiff filed his complaint against a judge serving the United States District Court for the Middle District of Pennsylvania, who is immune from suit. His complaint requests "nominal compensatory" and "monetary" damages. Because plaintiff seeks monetary relief from a defendant who is immune from such relief, Sections 1915(e)(2)(B)(iii) and 1915A(b)(2) also require its dismissal.

## Conclusion

For the reasons set forth above, plaintiff's complaint will be dismissed with prejudice and his petition for leave to proceed IFP will be denied. The Clerk of Court will be directed to close this case. An appropriate order follows.

Date: 1/26/24

JUDGE JULIA K. MUNLEY
United States District Court